IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AOS HOLDING COMPANY and<br>A.O. SMITH CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD WHITE CORPORATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: C.A. No. 18-412-LPS-CJB<br>:<br>:<br>:<br>: |

**MEMORANDUM ORDER**

Having reviewed the proposed pretrial order (D.I. 169) submitted by Plaintiff AOS Holding Company and A.O. Smith Corporation ("AOS" or "Plaintiffs") and by Bradford White Corporation ("Bradford White" or "Defendant") in relation to the bench trial scheduled to begin on August 14, 2020, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion in Limine ("MIL") No. 1, to exclude Bradford White's cold-flow testing and related claim construction evidence (D.I. 169 Ex. 6 at 1), is **DENIED**. Citing Federal Rule of Evidence 401, Plaintiffs contend the challenged evidence is irrelevant because it is based on a distortion of this Court's construction of the claim term "substantially entirely under the influence of natural convection," which the Court construed to mean "at a pressure near or below atmospheric pressure and without the influence of the power burner, such that a Category I venting system can be used." (D.I. 65 at 5) Bradford White's testing and analysis is not improperly inconsistent with the Court's claim construction[1] but is, instead, relevant to

---

[1] Thus, Plaintiffs' reliance on *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2009 WL 435324, at *2 (D. N.H. Feb. 19, 2009), is unavailing.

whether the accused products meet this claim limitation. (D.I. 61 at 5) In denying summary judgment, the Court already held this testing is relevant, as it could support a finding by a reasonable factfinder that the power burner, without combustion, does in fact influence the products of combustion throughout the accused products' system. (*See* D.I. 156 at 77) Plaintiffs have failed to show that the probative value of this evidence is substantially outweighed by the risk of wasting time and resources. *See* Fed. R. Evid. 403.

2. AOS's MIL No. 2, to preclude Bradford White from presenting evidence, argument, or suggestion that the "dropping" limitation does not require products of combustion to enter the claimed plenum under positive pressure (D.I. 169-6 at 10), is **DENIED**. The Court construed "near atmospheric pressure" – in the claim limitation "dropping the pressure of the products of combustion to *near atmospheric pressure* within the plenum" (emphasis added) – to mean "a pressure sufficient to allow the products of combustion to rise out of the plenum substantially entirely under the influence of natural convection." (D.I. 77 at 8) The Court's construction did not address whether the "dropping" limitation requires that the products of combustion enter the plenum at above near atmospheric pressure. (D.I. 77 at 8; D.I. 169-6 at 11) The challenged evidence is relevant under Rule 401 and its probative value is not substantially outweighed by any of the countervailing concerns of Rule 403. The Court will determine either during trial or in connection with post-trial briefing whether it must construe an additional claim term. *See generally O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute.").[2]

---

[2] Plaintiff's request for oral argument on its MILs 1 and 2 (D.I. 172) is denied.

3. AOS's MIL No. 3, to preclude Bradford White's flapper design evidence as a proposed non-infringing alternative (D.I. 169-9 at 17), is **DENIED**. Bradford White has pointed to relevant, probative evidence (including testimony from Messrs. Hill and Newman) going to the parties' fact disputes over the availability of an acceptable, non-infringing alternative during the accounting period, notwithstanding the undisputed (but non-dispositive) fact that no such alternative was made or marketed. (*See, e.g.*, D.I. 118-1 ¶¶ 48, 61, 116-19; *see also* D.I. 169-6 at 21 (Defendant representing it "has already presented admissible evidence on this issue, and intends to elicit testimony on this issue from Bruce Hill at trial")) The probative value of such evidence is not outweighed by the risk of a waste of the Court's time or any other concern of Rule 403.

4. Bradford White's MIL No. 1, to exclude AOS's damages expert, Mr. Bero, from providing an opinion on (1) apportionment regarding Bradford White's alleged infringement of the asserted patent as between direct and induced infringement, and (2) apportionment, in the event that the Entire Market Value Rule ("EMVR") does not apply (D.I. 169-6 at 24), is **DENIED**. However, no expert will be permitted to testify at trial as to any opinion that was not disclosed during expert discovery (through report(s) and/or deposition). With respect to apportionment of damages for direct and induced infringement, it is unclear from the briefing where (if anywhere) Mr. Bero's opinion and its bases have been adequately disclosed. Hence, the denial of Bradford White's motion with respect to apportionment of damages for direct and induced infringement is without prejudice to Bradford White being permitted to renew this objection at trial. AOS's expert report and Mr. Bero's deposition testimony adequately disclosed AOS's apportionment analysis as an alternative to EMVR, making AOS compliant with Federal

Rule of Civil Procedure 26(a)(2)(B). This portion of the motion, therefore, is denied with prejudice.

5. Bradford White's MIL No. 2, to exclude AOS's expert testimony from Dr. Emad Tanbour regarding Plaintiffs' interpretation of the "dropping" limitation (D.I. 169-6 at 31), is **DENIED**. Dr. Tanbour disclosed opinions in his expert reports that discuss the "dropping" limitation. (D.I. 169-6 at 34-35 (citing D.I. 112-10 ¶¶ 36-37, 43, 105-11; D.I. 112-18 ¶¶ 41-42, 49-50, 82, 86-97, D.I. 112-17 ¶¶ 19-21, 43-44; D.I. 128-3 at 93-100)) Dr. Tanbour, like all other experts, will be permitted to testify to anything properly disclosed in expert discovery.

6. As the parties propose (*see* PTO at 10), all time used by all parties arguing objections to admission of exhibits and to expert testimony being beyond the scope of what was properly disclosed (and all time the Court takes to articulate its rulings) will be charged to the party losing the argument on such objections.

7. Objections to admission of exhibits and to demonstrative exhibits shall be brought to the Court's attention at the start of each trial day. Otherwise, such objections shall be deemed waived as untimely.

8. The Court will determine the timing and length of any post-trial submissions at or around the time of the conclusion of trial. (*See* PTO at 15-16)

9. Given the scope of the disputes to be tried, the Court's methods of counting time, the fact that this trial will be conducted entirely remotely, and the parties' request for 14 hours per side, the Court will allocate 12 hours per side for trial presentations. The Court deems this to be more than a sufficient amount of time for each side to be fully and fairly heard at trial.

10. Trial will be held at some or all of the following times:
    - Friday, August 14: 9:00 a.m. to 5:00 p.m.

- Monday, August 17: 9:00 a.m. to 5:00 p.m.
- Tuesday, August 18: 9:00 a.m. to 5:00 p.m.
- Wednesday, August 19: 12:00 p.m. to 5:00 p.m.
- Thursday, August 20: 9:00 a.m. to 5:00 p.m.
- Friday, August 21: 9:00 a.m. to 5:00 p.m.

11. The parties shall be prepared to discuss the following issues at tomorrow's pretrial conference ("PTC"):

- Their "reservation of rights" to have multiple attorneys cross-examine witnesses (PTO at 7 n.4)
- Modifications of the Court's standard procedures (regarding, e.g., provision of copies of exhibits to opposing counsel, adverse witnesses, and the Court) given that this trial will be conducted entirely remotely.

August 4, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE