# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AOS HOLDING COMPANY and <br> A.O. SMITH CORPORATION <br> <br>       Plaintiffs, <br> vs. <br> <br> BRADFORD WHITE CORPORATION <br> <br>       Defendant. | Case No. 18-412-LPS-CJB <br> <br> **REDACTED PUBLIC VERSION** |

## JOINT MOTION TO SEAL AND REDACT OPINION

Plaintiffs AOS Holding Company and A. O. Smith Corporation (collectively, "AOS") and defendant Bradford White Corporation ("BW") respectfully move for an Order redacting certain highly confidential portions of the Opinion issued by the Court on March 31, 2021 (the "Opinion") (D.I. 220), and keeping the unredacted Opinion under seal. The proposed redactions are narrowly tailored and apply only to the parties' highly sensitive business information.[1] This information is currently confidential and unavailable to the public, and disclosure of such information could seriously injure the parties' business interests. The parties respectfully request that the Court grant this motion.

This Court has the authority to seal where confidential information may be disclosed to the public. In particular, Federal Rule of Civil Procedure 26(c) provides for the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. FED. R. CIV. P. 26(c)(1)(G); *see also Zenith Radio Corp. v. Matsushita Elec. Indus.*

---

[1] The parties' combined proposed redactions are attached hereto as Exhibit A. Exhibit B is a highlighted version reflecting the parties' combined proposed redactions.

*Co.*, 529 F. Supp. 866, 889–91 (E.D. Pa. 1981). As the Supreme Court has acknowledged, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

To determine whether "good cause" to seal exists, a court may look to a number of things, including (1) whether disclosure will violate any privacy interests; (2) whether the party benefiting from the order of confidentiality is a public entity or official; and (3) whether the case involves issues important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). "[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

The Third Circuit has explained that good cause to seal "is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Zenith*, 529 F. Supp. at 890). In addition, courts have recognized that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] serve both interests." *Willingham v. Ashcroft*, 355 F. Supp. 2d 390, 391 (D.D.C. 2005) (quoting *United States v. Hubbard*, 650 F.2d 293, 324-25 (D.C. Cir. 1980)).

Here, AOS seeks to seal and to redact certain portions of the Opinion that contain its highly confidential business information. If this information is disclosed to the public, AOS will be seriously harmed and suffer significant injury. Specifically, AOS seeks to redact portions of the Opinion that disclose the specific number of units sold by the Defendant in 2018 and 2019, and the incremental profits earned by AOS on the sale of its units that practice the invention disclosed in the '897 Patent in 2018 and 2019. This information has been kept confidential by the parties,

including for the purposes of this case, and is consistent with the limited request for redactions made by the parties without objection throughout the pendency of this case. Disclosure of such information would seriously harm AOS, as it relates to sensitive information about the profitability of the products that practice the invention disclosed in the patent-in-suit in 2018 and 2019.

In addition, BW seeks to seal and redact certain parts of the Opinion that contain its highly confidential business information relating to the number of units that BW has sold (in paragraphs 195, 196 and 202), a reference to the amount of capacity that AOS had to cover the amount of units sold by BW (in paragraph 201), and a reference to Plaintiffs' damages expert's opinion as to BW's average incremental profit (on page 71). BW would suffer serious harm and injury by the disclosure of this confidential business information relating to the volume of its sales and a reference to its incremental profits. As AOS noted above, the parties have maintained this information as confidential and the requested redactions are consistent with respect to this important and confidential business information.

There is no public interest in providing to the public the information that the parties request to be redacted. This case involves private litigants—not public figures—which weighs in favor of maintaining confidentiality. *Pansy*, 23 F.3d at 788. In addition, there is no benefit to the public in knowing about the parties' finances and highly sensitive business information, which is limited to detailed information about the quantity of units sold and profit margins in specific years. Finally, the proposed redactions will not cause prejudice any other party to this dispute, as the parties do not oppose each other's proposed redactions. The parties have considered the comprehensive analysis required by the decision in *In re: Avandia Marketing Sales Practices & Products Liability Litigation*, 924 F.3d 662, 672-73 (3rd Cir. 2019), and believe that under the present circumstances the presumption of the common law right of access has been rebutted, and

that good cause exists here to permit the redaction of the limited and specific information related to the unit sales and incremental profits in 2018 and 2019 which the parties have jointly requested be redacted from the Opinion.

For the foregoing reasons, the parties respectfully request that the Court grant this Motion to Seal and Redact.

Dated: April 5, 2021

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Christopher H. Blaszkowski* | */s/ John C. Phillips, Jr.* |
| Andrew J. Koopman (#5288) | John C. Phillips, Jr. (#110) |
| Christopher H. Blaszkowski (#5673) | David A. Bilson (#4986) |
| RATNERPRESTIA, P.C. | PHILLIPS MCLAUGHLIN & HALL, P.A. |
| Nemours Building | 1200 North Broom Street |
| 1007 Orange Street, Suite 205 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | (302) 655-4200 |
| akoopman@ratnerprestia.com | jcp@pmhdelaw.com |
| cblaszkowski@ratnerprestia.com | dab@pmhdelaw.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |